C. E. FRENCH, COMMISSIONER OF FINANCE FOR STATE OF MISSOURI, IN CHARGE OF THE LIQUIDATION OF THE BANK OF ORAN, APPELLANT, v. SCHOOL DISTRICT NO. 20 OF SCOTT COUNTY, BEING ORAN SCHOOL DISTRICT, RESPONDENT.*

Springfield Court of Appeals.   May 24, 1928.

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 240, p. 596, n. 18.

*Bailey & Bailey* and *Gallivan & Finch* for appellant.

*William Oliver* and *Ward & Reeves* for respondent.

BRADLEY, J.—Plaintiff, as the Commissioner of Finance, filed petition in two counts to recover from defendant school district the sum of $3948.46. The first count is for money had and received and the second count is on the theory of conversion. The cause was tried before the court without a jury. The finding and judgment went for defendant and plaintiff appealed. The commissioner of finance in whose name this cause was instituted has been succeeded in office by another, but no substitution has been suggested.

In the first count of the petition it is alleged that the Bank of Oran was the owner of notes amounting to $3948.46 and that these notes were collected by the defendant school district and that by reason thereof the district became indebted to the Bank of Oran in the amount collected, as for money had and received. The second count, as stated, is on the theory of conversion. The answer, so far as is material here, is a general denial.

The defendant school district is what is known as a city school district and has its own treasurer. The law provides that the board of education of defendant school district shall select a depository for its funds. [Sec. 11268, R. S. 1919.]   But no selection of a de-

pository was made by the board. The law also provides that the treasurer of defendant school district give bond for the funds of the district coming into his hands. [Sec. 11245, R. S. 1919.] It is not clear whether bond was given or not. October 13, 1922, the Bank of Oran was solvent and was a going concern. P. P. Marshall was then cashier of said bank and was also treasurer of defendant school district. Marshall as treasurer of the school district took up with the board of directors of the bank the matter of depositing in said bank the funds of the school district. On the date mentioned, October 13, 1922, the board of directors of the bank by resolution of record authorized its president and cashier to secure a surety bond to protect the school funds to be deposited, but the surety bond was not secured.

January 31, 1923, the board of directors of the bank passed the following resolutions: "Resolved: The president and vice president and cashier of this bank, and those holding said offices, from time to time, are and each of them is hereby authorized, to pledge as security to P. P. Marshall, treasurer of Oran School District No. 20 and Oran Special Road District, to secure any and all deposits the said P. P. Marshall, treasurer, may make in the Bank of Oran, their stocks, bonds, bills receivable, and any other property of this bank, sufficient amount to cover any and all money on deposit."

We might state here that Marshall was also treasurer of the road district mentioned in the resolution and that a suit is pending by the Commissioner of Finance to recover from the road district on the same theory as recovery is sought in the cause at bar, and it is stated in the briefs here that as to the road district suit disposition is to be made in accordance with the final disposition of the cause here.

Pursuant to the resolution by the board of directors of the bank on January 31, 1923, Marshall as treasurer of the defendant school district deposited the funds of the district in the bank and at the same time, he, as cashier of the bank, together with the president of the bank, selected certain notes or bills receivable of the bank and put up said notes with Marshall as treasurer of the school district to secure the deposit of the school funds. The notes so pledged were taken from the note case of the bank and placed in the file or case of Marshall as treasurer of the school district. Copies of said notes were left in the note case of the bank. We infer, though it is not entirely clear, that notes of the bank were selected and pledged from time to time as the deposits of the school district justified, but always the selection and pledging of the notes were made by the cashier and the president of the bank under the resolution of January 31, 1923.

January 10, 1924, the bank failed and at the time thereof the school district had on deposit the sum of $3948.46. After the bank failed and went into the hands of the Finance Commissioner for

liquidation, Marshall and his successor as treasurer of defendant school district collected for the school district from the pledged notes $3948.46 and returned to the Finance Commissioner the remaining pledged notes.

Plaintiff's case is bottomed on the theory that the Bank of Oran could not lawfully pledge its bills receivable to secure the deposit of the defendant school district; that to do so would, in effect, amount to a preference and would be a fraud upon other creditors and depositors; and that the act of the board of directors of the Bank of Oran in pledging its notes to secure the deposit of the defendant school district was *ultra vires* and void.

Section 11701, Revised Statutes 1919, makes null and void any assignment or transfer of notes or other evidences of debt of a bank, if the bank at the time has committed an act of insolvency or if the transfer or assignment is made in contemplation of insolvency. This section has no application, because there is no claim that the Bank of Oran was insolvent at the time it pledged its notes to secure the deposit of defendant school district. Section 11737, Revised Statutes 1919, as it was when the transactions here involved occurred, defines the rights and powers of a State bank, and there is nothing therein or in the amended section, Laws 1927, p. 219, which prohibits a bank from pledging its bills receivable to secure a deposit of public funds. Nor is there any other statute or court decision in this State, so far as we are able to ascertain, so prohibiting or holding.

Section 9582, Revised Statutes 1919, provides how a county depository shall be selected. Section 11268, Revised Statutes 1919, provides that the board of education of a city, town or consolidated school shall select depositories in the same manner county depositories are selected. Section 9585, Revised Statutes 1919, provides how county funds are to be secured by the county depository, and included in the security permitted are bonds of the United States or bonds of the State of Missouri. But there is no statute defining what security shall be given by the depository of a city, town or consolidated school district. Section 13379, Revised Statutes 1919, specifically authorizes a bank which has been selected as a depository for state funds to pledge its real estate notes to secure such funds.

While there was no statute authorizing the Bank of Oran to pledge its bills receivable to secure the deposit of the defendant school district, there is no statute which prohibited such pledging. It cannot be said that the pledging was an act *malum in se* and against public policy, because if there is any policy involved such policy has legislative approval in section 13379 so far as concerns the funds of the State.

The question of the authority of a bank to pledge its bills receivable or other assets to secure a deposit has not been determined in this State. Section 11762, Revised Statutes 1919, prohibits

the cashier and other officers from endorsing, pledging or hypothecating the assets of a bank for money loaned until such authority is given by the board of directors by resolution of record. It is contended by defendant school district that the Bank of Oran had the implied power and authority, acting through its board of directors under a resolution of record, to pledge its bills receivable to secure the deposit of defendant school district. The weight of authority seems to support the theory that a bank may pledge its bills receivable.to secure such deposit. [Ahl v. Rhoads, 84 Pa. 319; Cameron v. Christy, 133 Atl. (Pa.) 551; City of Williston v. Ludowese, 208 N. W. (S. D.) 82; Richards v. Oseola Bank, 45 N. W. (Iowa) 294; Ward v. Johnson, 95 Ill. 215; McFerson v. National Surety Co., 212 Pac. (Colo.) 489; Page Trust Co. v. Rose, 135 S. E. (N. C.) 795; Williams v. Hall, 249 Pac. (Ariz.) 755; Merrill v. Bank, 173 U. S. 131, 43 L. Ed. 640. See, also, Morse on Banks and Banking (5 Ed.), p. 143; 1 Patton's Digest, sec. 641, and 2 Patton's Digest, sec. 519a. Contra, see Commercial Bank & Trust Co. v. Citizens Fidelity & Guaranty Co., 156 S. W. (Ky.) 160; 45 L. R. A. (N. S.) 950; Ann. Cas. 1915 C. 166; Smith v. Continental State Bank, 11 Fed. (2d) 907; Divide County v. Baird, 212 N. W. (N. D.) 236, 51 A. L. R. 296.]

But under the facts here it is not necessary for us to rule on the question of the power of a bank to pledge its bills receivable to secure the deposit of the school district. As stated, supra, it is contended that the act of the Bank of Oran pledging its bills receivable to secure the deposit of defendant school district was *ultra vires* and void. Defendant, however, contends that *ultra vires* is not pleaded and is not available. But if *ultra vires* were pleaded such plea would not, under the facts, afford plaintiff the relief sought. And this would be true even though it be conceded that the act of the Bank of Oran in pledging its bills receivable was without specific authority. The pledging was not a prohibited act and was not an act *malum in se* and was not contrary to public policy. The contract between defendant school district and the Bank of Oran whereby defendant school district deposited its funds in said bank was fully executed by the school district and in such case *ultra vires* cannot be invoked. [Cantley v. Little River Drainage District, 2 S. W. (2d) (Mo. Sup.) 607, and cases there cited.]

In Cantley v. Little River Drainage District, the petition was in two counts. The first count was in replevin to recover certain notes pledged by the Bank of Oran and the second count was for money had and received alleged to be the proceeds of notes pledged by the Bank of Oran to the drainage district and collected by it. It is not necessary to state the facts in the case. It was contended by the Commissioner of Finance that the transaction between the drainage district and the Bank of Oran created the relation of banker and

depositor, and that the act of the bank pledging its bills receivable to secure the deposit was without authority, *ultra vires* and void. Under the facts in Cantley v. Little River Drainage District, the Supreme Court en banc held that the transaction between the drainage district and the Bank of Oran was a loan by the drainage district to the bank and in such case there was no dispute as to the power of the bank to pledge its bills receivable. But after disposing of the case on the theory that the transaction involved was a loan the court said:

"What we have said, supra, disposes of the case. However, there is another theory of the law which just as effectively disposes of the case. That the bank got the benefit of the funds of the drainage district is uncontroverted. The contract was fully executed by the drainage district, and in such case, *ultra vires,* even if pleaded, cannot be successfully invoked." In support of the rule stated the court cited McCormick v. Bank, 304 Mo. l. c. 288, 289, 263 S. W. 152; Schlitz Brewing Co. v. Poultry & Game Co., 287 Mo. l. c. 407, 229 S. W. 813; Hanlon Millinery Co. v. Trust Co., 251 Mo. 579, 158 S. W. 359; National Bank of Commerce v. Francis, 296 Mo. l. c. 195 and 196, 246 S. W. 326.

The court went on to consider the question of estoppel to plead *ultra vires* and quoted from Schlitz Brewing Co. v. Poultry & Game Co., 287 Mo. 404, 229 S. W. 813. The facts in Cantley v. Little River Drainage District, constituting estoppel to plead *ultra vires* are on all fours with the facts here relative to estoppel. The holding in Cantley v. Little River Drainage District, on the estoppel theory disposes of the cause at bar.

The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.