CONSOLIDATED SCHOOL DISTRICT NO. 4 OF TEXAS COUNTY, A CORPORATION, RESPONDENT, v. THE CITIZENS SAVINGS BANK OF CABOOL, A CORPORATION, IN CHARGE OF S. L. CANTLEY, COMMISSIONER OF FINANCE, APPELLANT.*

Springfield Court of Appeals. October 26, 1929.

---

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 548, p. 751, n. 78; Depositories, 18CJ, section 55, p. 585, n. 41; section 60, p. 587, n. 86.

*Farrington & Curtis* and *Dale Moberly* for appellant.

*Hiett, Lamar & Covert* for respondent.

942

SMITH, J.—This action was begun by the filing of a petition or claim as a preferred claim on the 23rd day of November, 1927,

with the clerk of the circuit court of Texas county, against the Citizens Savings Bank of Cabool, an insolvent bank in charge of the commissioner of finance of the State of Missouri, which petition alleged that the plaintiff is the successor of the Cabool Incorporated School District and has succeeded to all the rights, privileges, choses in action and property of every kind and description, belonging to the Cabool Incorporated School District at the time of the organization of the plaintiff under the name and style of Consolidated School District No. 4 of Texas County, Missouri.

The petition stated that the Citizens Savings Bank of Cabool is indebted to the plaintiff in the sum of $5788.91 on account of a deposit which the plaintiff had in said bank at the time the bank closed on March 17, 1927, and that the plaintiff is not indebted to said bank in any sum; that said deposit was kept and maintained in said bank under and by virtue of a certain contract entered into between the Cabool Incorporated School District and the Citizens Savings Bank on the 18th day of July, 1925, whereby the Citizens Savings Bank became the legal depository of the Cabool Incorporated School District for a period of two years from the 18th day of July 1925 until the 18th day of July 1927.

The petition states that for the purpose of securing said deposit and the faithful performance of said contract the Citizens Savings Bank on the 18th day of July 1925 executed a bond in the sum of $15,000 in favor of the Cabool Incorporated School District with the Citizens Savings Bank as principal and Steve Yates, A. E. Covert, and L. M. Edens as sureties, and further alleged that for the purpose of further securing said deposit and the faithful performance of said contract of the Citizens Savings Bank, the bank on the 18th day of July, 1925, made, executed, and delivered its deed of trust whereby it conveyed to Kirby Lamar, as trustee, for said Cabool Incorporated School District, all of lots fourteen (14) and fifteen (15) in block ten (10) in the original survey of the City of Cabool, Missouri. Said conveyance was made to the said Kirby Lamar in trust, and contained the following provisions, to-wit:

"Whereas the Citizens Savings Bank of Cabool, Missouri, the said party of the first part, has this day made, executed and delivered to the said party of the third part, a bond of indemnity by which it promises to pay to the said Cabool Incorporated School District or order for value received, fifteen thousand dollars ($15,000) upon the following conditions to-wit: Whereas the Citizens Savings Bank of Cabool, Missouri, has been selected as the depository of the said Cabool Incorporated School District and if the said Citizens Savings Bank shall perform in all things its duty as such depository and faithfully render a true account of all funds received

by it as such depository and pay the same out upon the order of said Cabool Incorporated School District through its duly constituted officers, then said bond is to be null and void, otherwise, to remain and be in full force and effect.

"This deed of trust is intended to be and remain as security to the said party of the third part so long as the said party of the first part shall continue to be the depository of the funds of the said party of the third part either under a continuation of the present contract and bond or under a new contract and bond, and in case a new contract and bond are hereafter executed by the party of the first part, this deed of trust is intended to secure the same as fully and to the same extent as it secures the bond herein described.

"Now, therefore, if the said party of the first part or any one for it, shall well and truly perform and discharge the conditions expressed in said obligation and every part thereof, according to the true tenor, date and effect of said bond, then this deed shall become void and the property hereinafter conveyed shall be released at the cost of the said party of the first part; but should the first party fail or refuse to perform the conditions of said bond according to the true tenor, date and effect of said bond, then the whole shall become due and payable and this deed shall remain in force."

The deed of trust further provided that in case of default in compliance with its terms the said Kirby Lamar may proceed to advertise the said real estate for sale and sell the same at public vendue for cash and apply the proceeds thereof to the amount due and secured thereby.

The petition further states that on the 17th day of March, 1927 plaintiff had on deposit in said Citizens Savings Bank the sum of $5788.91, which was the property of the plaintiff deposited in said bank under the terms of said depository contract as aforesaid; that on said 17th day of March, 1927 the Citizens Savings Bank, being insolvent closed its doors and placed itself in charge of S. L. Cantley, commissioner of finance in the State of Missouri, where it had continued until the time of trial; that said depository contract and bond expired on the 18th day of July, 1927, whereupon it became the duty of said Citizens Savings Bank to pay over to the officers of said school district the sum of $5788.91, which sum the said Citizens Savings Bank and the commissioner of finance in charge thereof, have failed and refused to pay over to said plaintiff; that the acts of the Citizens Savings Bank in becoming insolvent, closing its doors, and placing itself in the hands of the commissioner of finance and in failing and refusing to pay over to plaintiff the amount of money it had on deposit at the expiration of said depository contract, all constituted breaches of said contract of said bond, and of the terms of said deed of trust, and that the plaintiff is entitled to have its claim of $5788.91 allowed

against said bank and to have the same declared and adjudged a first lien on the property described in said deed of trust.

Then followed a prayer that the claim be approved by the commissioner of finance in the sum of $5788.91 and that the plaintiff have a first and prior lien against said real estate described in said deed of trust for said sum and that an order be obtained from the circuit court of Texas county directing said real estate to be sold in such time and manner as said court may direct for the purpose of paying this claim, and for such other and further relief as may in the premises be equitable and just.

On the 4th day of June, 1928 the defendant filed its answer to said claim for preference, which said answer denied each and every allegation in plaintiff's petition contained, except such matters as were therein expressly admitted. The answer admitted that the plaintiff is duly incorporated, that the Citizens Savings Bank closed its doors on the 17th day of March, 1927 as an insolvent bank and has ever since said date been in charge of the commissioner of finance; that at the time of the closing of the bank it was indebted to the plaintiff in the sum of $5788.91 on account of a balance due on a deposit to the credit of plaintiff in said bank and that the plaintiff is not indebted to said bank in any sum.

The answer admits that in the month of July, 1925 it entered into a contract with the Cabool Incorporated School District as depository of its funds for a term expiring in July, 1927, and executed the bond set out in plaintiff's petition, and that to secure said bond and sureties thereon it executed the deed of trust set out in plaintiff's petition covering the real estate therein described which was the banking house in which the defendants carried on its business.

The answer specifically denied that any of the conditions of said bond or deed of trust have been breached, but on the contrary alleged that all of the conditions thereof were faithfully kept by the defendant bank. The answer further alleges that the execution of the deed of trust was an *ultra vires* act and beyond the power of said bank and that because thereof the same was null and void and never came into force and effect.

The answer, as an affirmative defense, alleged that after the execution of the bond and deed of trust, to-wit: on the 25th day of March, 1926 the corporate existence of the Cabool Incorporated School District named in said bond and deed of trust was by a vote thereon duly and legally held, brought to an end; that at said election a new district, the plaintiff herein, was formed of the territory formerly comprising the Cabool Incorporated School District, and school districts 53 and 130 adjoining thereto; that on the formation of said districts by virtue of the laws of this State, the corporate existence of the said Cabool Incorporated School District ended, on the 30th

day of July, 1926, and since said date it has never existed nor functioned in any manner.

The answer further alleged that the defendant has duly accounted for all money intrusted to its care by the Cabool Incorporated School District and that at the time of the closing of said bank there were no funds on deposit in said bank belonging to said district and that it was not indebted to said district in any sum by reason of said bond, deposit, deed of trust, or otherwise; that by reason thereof and by reason of the fact that the execution of the deed of trust was an *ultra vires* action of said bank, said deed of trust is not in force, and constitutes no lien on the real estate therein conveyed as a part and parcel of the liquidation program of said bank; that the purported lien created by said deed of trust, recorded in book 160, at page 225 thereof, in the office of the recorder of deeds of Texas county, is a cloud upon the title of defendant to said real estate and as such hinders the sale of said real estate for its fair value.

Then followed a prayer that the claim of plaintiff, as a secured deposit, be denied; that the deed of trust as aforesaid, be set aside, cancelled, and for naught held, and that plaintiff be adjudged to have no right, title or interest therein, and for all other proper relief.

On the 7th day of June, 1928 the plaintiff filed its reply to defendant's answer, which said reply, omitting caption, is as follows:

"Comes now the plaintiff in the above-entitled cause and for its reply therein say, that after the bond and deed of trust in question were given to the Cabool Incorporated School District the said Cabool Incorporated School District and School Districts 53 and 130 became Consolidated School District No. 4 of Texas county, Missouri, by virtue of the provision of article 4, chapter 102, Revised Statutes 1919, and that said Consolidated District No. 4 succeeded to all the property, rights and privileges and papers belonging to both school districts No. 53 and District No. 130, and that said deed of trust and bond became the property of the Consolidated District No. 4 and was and continued to be a binding obligation to said Consolidated District No. 4 for all the deposits made by said Consolidated District No. 4 up to the time the said Citizens Savings Bank closed its doors for liquidation.

"Plaintiff, for other and further reply herein, says that immediately after the formation of said Consolidated District No. 4, Steve Yates, who was then and at all times mentioned herein the president and acting cashier of said Citizens Savings Bank, stated to the board of directors of said Consolidated District No. 4 that the said bond and deed of trust was and would continue to be a binding obligation to said School District No. 4 for all deposits made by it in the said Citizens Savings Bank, and that said school board, relying upon

the aforesaid statement, of the said Steve Yates and believing the same to be true, the said board of directors of said School District No. 4 continued to deposit the funds of said school district in the said Citizens Savings Bank up until the time the said Citizens Savings Bank closed its doors for liquidation, and that the commissioner of finance, in charge of the said bank for the purpose of liquidation is now estopped from denying liability thereon.

"Plaintiff for another and further reply therein, says that all the conditions of the depository contract between the said Citizens Savings Bank and the Cabool Incorporated School Districts to be performed by said Cabool Incorporated School District were fully performed by it; that it deposited its funds in the said Citizens Savings Bank up to the time it closed its doors for liquidation, and that the said Citizens Bank got the full benefit of said deposits and paid the plaintiff herein interest on the same, as provided by said depository contract, and that the state finance commissioner, in charge of said bank is now estopped from asserting the plea of *ultra vires* herein."

The testimony submitted to the trial court was upon a statement of facts in which it was agreed as follows:

"That prior to March 31, 1926, there existed at Cabool, Missouri, a school district known as Cabool Incorporated School District, which was existing under and by virtue of section 11236, Revised Statutes 1919, being a city or town school district; that on the 18th day of July, 1925, the Citizens Savings Bank of Cabool was selected as the depository of the funds of said Cabool Incorporated School District for a term of two years; that to secure said funds the said Citizens Savings Bank of Cabool executed its bond in favor of said Cabool Incorporated District, which bond was in the usual form for depository bonds executed by the Citizens Savings Bank of Cabool as principal, and signed by Steve Yates, C. E. Covert, and L. M. Edens as sureties, in the sum of $15,000, the condition of the bond is that whereas the Citizens Savings Bank of Cabool has been duly selected as depository for Cabool Incorporated School District for two years, from July 18, 1925 and which bank has been and is receiving and accepting deposits and money belonging to the various school funds of said district, the same to be kept in said bank and paid out on warrants and checks drawn by the proper officers of said school district in the usual and ordinary course of business, and provided that if the said bank should pay out all moneys received by it from said school district on proper warrants and checks drawn, and at the expiration of the time for which the bond was given, should pay over to the proper officers of said school district any and all sums of money remaining on deposit in said bank and due to the various funds of said district, then the obligation should be null and void, otherwise to remain in full force and effect. This bond was executed on the 18th day of

July, 1925 and on the same day the Citizens Savings Bank of Cabool executed its deed of trust on its banking building in which it carried on its banking business in Cabool, to Kirby Lamar, trustee, to further secure the school district against loss on said deposits (the condition of said deed of trust is heretofore set out and quoted in this opinion). This deed of trust was recorded in the office of the recorder of deeds for Texas county, Missouri on the 25th day of August, 1925 in book 160, page 225 thereof. This depository contract was a renewal of a prior depository contract between said parties for which a bond had been given by said bank, but no deed of trust had hitherto been given as security.

It is further agreed that prior to the 31st day of March, 1926, a petition to organize a consolidated school district, under the provisions of sections 11255, 11258, and 11259, Revised Statutes 1919, and all amendments thereto, from territory comprising Cabool Incorporated School District, School Districts Nos. 130 and 53, adjoining thereto, was presented to the county superintendent of schools of Texas county, Missouri; that an election was held pursuant thereto on the 31st day of March, 1926, and said proposition to consolidate was carried and that Consolidated School District Number Four (the plaintiff herein) was formed as a result of said election, and that it is legally incorporated under the laws of Missouri and has capacity to sue and be sued, plead and be impleaded. That new officers and directors were elected for the new school district and that since June 30, 1926, neither Cabool Incorporated School District, School District 53 nor School District 130 have had any directors or officers or functioned as school districts.

It is further stipulated that on the 31st day of March, 1926, the Cabool Incorporated School District had on deposit in defendant bank the sum of $3156.19; that this account was thereafter reduced by checks of the district honored and paid by the bank until on September 2, 1926, the balance in said account was $67.06; and that all funds of the old district deposited in said Citizens Savings Bank were taken over by the plaintiff.

It is further stipulated that on September 15, 1926, the aforesaid deposit had become reduced to $15.55.

It is further stipulated that on the 15th day of October, 1926, the plaintiff school district received from the department of education of the State of Missouri aid to consolidated school districts under and by virtue of section 11264, Revised Statutes 1919, as amended by Laws 1925 at page 331 thereof, the sum of $6637, which applied to all the territory making up plaintiff district; that this amount was deposited in the defendant bank; to the credit of plaintiff that such money would not have been available to or received by the old district, except the attendance quota in the sum of ——— dollars; that in

1926 there was collected from the territory embracing School District No. 53 the sum of $779.13 and from District Number 130 the sum of $454.61; that from the average daily attendance in School Districts 53 and 130, plaintiff collected and received $700; that all said sums were deposited by plaintiff with defendant bank to the credit of plaintiff in the same account as all other funds were deposited, only one account being kept therein. That the taxes collected from the territory embracing the old Cabool Incorporated School District amounted to $5973.04 which was also deposited in defendant bank as aforesaid; that plaintiff through its board of directors for the year 1926 expended for territory embraced in District 53 the sum of $835.30 and for District 130, $969.75.

That defendant closed its doors as an insolvent bank on the 17th day of March, 1927, and yet remains closed and is being liquidated by S. L. Cantley, the finance commissioner of this State. That when said bank closed plaintiff had on deposit to its credit therein the sum of $5788.91. That plaintiff was not at said time indebted to the bank in any sum. That the plaintiff school district after its organization deposited all its funds collected from all sources with defendant bank until said bank closed, said deposits being placed to its credit on the books of said bank.

It is further stipulated that the making of the bond and deed of trust set out herein was duly authorized by the board of directors of said bank. It is further stipulated that no funds deposited with the defendant by the Cabool Incorporated School District were in defendant bank at the time it closed, they having all been paid out by said bank on the checks drawn thereon by said Cabool Incorporated School District and the plaintiff district.

It is further stipulated and agreed that the finance department of the State of Missouri prior to the filing of this claim had no knowledge of the existence of the deed of trust above described; that the Citizens Savings Bank of Cabool prior to the time it closed had never published any statement of its financial condition which revealed the existence of the deed of trust above named and that it had made no report to the state finance department of this State prior to its closing in which it had set out or furnished information of the existence of this deed of trust.

It is further stipulated and agreed that Steve Yates, C. E. Covert and L. M. Edens, who signed as sureties on the bond above described, were at the time said bond was made stockholders, directors and officers of the Citizens Savings Bank of Cabool.

It is further stipulated and agreed that no suit, action or demand has been made upon the bond above mentioned on the makers or any of the sureties thereon.

It is further stipulated and agreed, subject to the objection of defendants as to the competency thereof (which objection was overruled and exception saved), that immediately after the formation of Consolidated School District Number Four, of Texas County, that Steve Yates, the president and acting cashier of said bank, stated to the board of directors of the Consolidated School District Number Four that the bond and contract that he had with the Cabool Incorporated School District as to the depositing of the school funds was still in force and effect, and would continue to be until the expiration of the time of said contract, and that the board of directors of the said plaintiff herein, believing the aforesaid statement of the said Steve Yates to be true and relying thereon, instructed Robert R. Green, the treasurer of plaintiff district to continue to deposit the school funds of said consolidated school district with said bank, and that the said Robert R. Green continued to deposit the school funds of said district with the defendant bank, up to the time that it closed its doors, and that the defendant bank paid interest on said deposit as was provided in said depository contract up to the last interest paying time before the bank closed its doors.''

The above and foregoing stipulation was all the evidence that was offered in the case, whereupon the court on the 8th day of June, 1928, rendered the following judgment, omitting caption, to-wit:

''Now on this day, this cause coming on to be heard, both plaintiff and defendant appear by counsel and announce ready for trial, this cause is submitted to the court on the pleadings and evidence adduced and the court being fully advised in the premises, doth find the issues for the plaintiff in the sum of five thousand seven hundred eighty-eight and 91/100 ($5788.91) dollars, secured by a deed of trust on all of lots fourteen (14) and fifteen (15) in block ten (10), in the original survey of the City of Cabool, in the County of Texas and State of Missouri, and that the sum of five thousand seven hundred and eighty-eight and 91/100 ($5788.91) dollars, is a lien on said land as provided in the said deed of trust.

Wherefore, it is ordered, decreed and adjudged by the court that the said deed of trust be foreclosed and said above-described real estate be sold and that the said sum of five thousand seven hundred eighty-eight and 91/100 ($5788.91) dollars be paid the plaintiff, together with its costs herein laid out and expended.''

Thereafter proper steps were taken and in due time an appeal granted to this court.

The defendant bases its contentions upon the following assignments of error:

''1. Under the stipulated facts the judgment is for the wrong party.

"2. The court erred in admitting over objection of defendant, evidence that president of defendant bank advised plaintiff the old bond and contract for old school district were in force after the organization of plaintiff district and that plaintiff relying thereon caused its funds to be deposited with defendant.

"3. Under the stipulated facts, defendant bank did not breach its contract, bond or deed of trust, and the court erred in refusing to cancel said deed of trust."

There is no controversy in this case over the legality of the incorporation of plaintiff; in fact there is no controversy over any of the facts in connection with the case. The evidence shows that the Cabool Incorporated School District and District 53 and District 130 combined legally and formed consolidated School District No. 4, the plaintiff herein. The evidence also shows that prior to the consolidation the Citizens Bank of Cabool was the depository of Cabool Incorporated School District, and that the bank executed a bond to the Cabool Incorporated School District signed by the bank with three personal sureties, and there is no question about the legality of that. But the evidence shows that the bank through a resolution of its officers executed, in addition to its personal bond, a deed of trust upon its real estate in Cabool, being its banking house where its business was transacted, to further secure the Cabool School District that the bank would perform its duties as such depository. This bond and deed of trust were executed several months prior to the consolidation of the three districts, and no new or additional bond or deed of trust was made to the plaintiff. The facts show that the bank received money as depository of the old district, and it is admitted that all the money received from the old district had been paid out by the bank, and that no part of that money is in this litigation. The money in this litigation is that deposited by the plaintiff, and deposited without a new bond, but upon the assurance of the president of the bank that the old bond would hold, and the bank acting as depository of the plaintiff, received deposits as such and paid interest upon the deposits up to the time it closed its doors for liquidation.

The plaintiff succeeded in convincing the trial court that the bond given to the old district was sufficient to bind the bank as depository of the new district, and that the deed of trust given to the old district was valid and binding upon the bank before the consolidation as well as afterwards, and that it was a valid transaction and is now a lien upon the real estate involved.

Several interesting questions have been raised by the parties in their briefs, among the most important are these:

1st. Was the bank acting within the scope of its authority when it gave the deed of trust to the old school district, or was it an *ultra*

*vires* act on the part of the bank which rendered the deed of trust void?

2nd. Did the bond and deed of trust given to the old district continue in force after the old district ceased to exist, and a new district was incorporated?

3rd. Was the statement of the president of the bank competent evidence, and could the president of the bank by his statements to the directors of the plaintiff school district bind and obligate the bank?

4th. If it should be assumed that the deed of trust was void because an *ultra vires* act in its inception, or that the bond and deed of trust did not bind the bank to the new district and did not authorize the new district to use the bank as a depository should this claim be allowed as a preference, because received with the knowledge on the part of the bank that it was a trust fund and without giving a depository bond as required by law?

Let us consider these questions in their order. Was it an *ultra vires* act of the bank to give the deed of trust to the old district?. The question of pledging assets of a bank to secure deposits is one upon which courts throughout the country differ. We have considered the authorities submitted by the parties to this suit, and have read others and we find the authorities are by no means reconciled. The defendant cites no Missouri cases holding that a bank cannot pledge its assets to secure a deposit, but does cite several cases of other states so holding, and the reasoning therein is very strong and appeals to the writer as being logical. Among the cases cited are Divide Co. v. Baird, 212 N. W. (N. D.) 236 and Bank & Trust Company v. Citizens Guaranty Co., 156 S. W. (Ky.) 160. Those cases however are based on statutes peculiar to their states and somewhat different from ours.

In our State we are faced with the statute that says depositories for school funds must give security. Section 11268, Revised Statutes Missouri 1919, provides that depositories for school funds shall be selected in the same manner as provided by law for the selection of county depositories; section 9582, Revised Statutes Missouri 1919, provides how county depositories shall be selected, and section 9585, Revised Statutes Missouri 1919, provides for the giving of security. There is no section of the statute defining what security shall be given to a school district. The courts of this State have held that since there is no provision of the statutes prohibiting such pledging, a bank may pledge its bills receivable to secure a loan, and have intimated that such may be pledged to secure deposits. [French, Commissioner v. School District No. 20 Scott Co., 7 S. W. (2d) 415; Farmers & Traders Bank v. Harrison, 12 S. W. (2d) 755, 758.] If a bank is permitted to pledge its bills receivable to secure loans and

deposits, why should it not be permitted to pledge its real estate? The weight of authority throughout the country is that banks are permitted to pledge bills receivable to secure loans and deposits. Some states have held that the same may be secured by mortgages or deeds of trust on real property. [3 R. C. L., p. 430.] There is no statute in this State against pledging bills receivable to secure deposits, and it is a common practice, sustained by the courts, to pledge bills receivable to secure loans, therefore we know of no reason why a bank should not as well pledge its real estate as its bills receivable, and we think the deed of trust when given to the old district was a valid lien on the property so far as its obligation to the old district was concerned.

This brings us to the question then of whether the bond and deed of trust could be enforced by the new district as an obligation to it, or, in other words, was it a bond and deed of trust to it, such as the new district could enforce? We are of the opinion that it is not such a bond and deed of trust that can be enforced by the new district. We have noticed carefully the authorities submitted on this point, and agree with the respondent that the bond and deed of trust if they had any value belonged to the new consolidated district under the provision of section 11262, Revised Statutes Missouri 1919, but that does not necessarily mean that they are enforcible contracts by the new district. If there was any money due from the depository to the old district that of course would be due the new district and the new district could have enforced the bond and deed of trust to have collected that amount. But that is not the case here, for the agreed statement of facts show that all the funds of the old district had been paid out by the depository. One of the strongest cases cited by the plaintiff on this point is Springfield Lighting Co. v. Hobart, 98 Mo. App. 227, 68 S. W. 942, but the facts in that case are different to this. There the bond guaranteed the performance of a specific certain thing on the part of the principal. The court in that case held, local citation 234:

"The effect of the agreement of consolidation under the statute (sec. 1334) is, as we think, to transfer all the 'rights, privileges and property' of each of the consolidating corporations to the new corporation.

"Included in this transfer was the contract between the Electric Railway and the Electric Light Company, which carried with it, as an incident, the undertaking of the surety, the defendant, even though said undertaking was not in express terms transferred with the said principal obligation. The manifest purpose of the statute in such cases is to give the consolidated corporation the benefit of all the rights of every kind, including such as that here, and a right of action thereon."

And again on page 237 of the opinion the court said:

"From an examination of the numerous authorities to which we have been cited by counsel, we can reach no other conclusion than that where two or more business companies are consolidated under section 1334, that the constituent corporations become dissolved or extinguished and that the amalgamated corporation is a new corporation, but that touching the business of the old corporations, and as to their respective debtors and creditors, the consolidated company is to be regarded as the continuation of the old companies under a new name and that as to the defendant, it is to be regarded as if it had been named as obligee in the bond in the first instance."

In other words that opinion held, as we understand it, that the instance under consideration there was equivalent to a change of name of the corporation, and since the statute under which those corporation were created provided for consolidation and change of name, and since the liability under the bond was not affected in any way the bond would still hold. But we do not have such a condition here; we do not have like corporations combining to make a new one to carry on the same business. We have a city school district and two common school districts, acting under different statutes, having different methods of caring for their funds, with different methods of transacting their business, combining into a still different entity, capable of receiving more funds and with larger opportunities and greater liabilities. In fact a new and different corporation, and one where it is admitted that no bond was given and none requested. We have been unable to find any authority that would justify us in holding that a depository bond given to a city school would be sufficient as a depository bond for a consolidated school district, and we are therefore forced to the conclusion that even though the bond and deed of trust were valid and enforcible by the old district, yet neither was valid and enforcible as such by the new district.

We are confronted with another situation, however, which brings us to the consideration of the third and fourth question above suggested. We think the court did not err in admitting the testimony of the president of the bank as to the liability of the bank. It was not sufficient to bind the bank as a depository because the statute provides a way by which a depository may be selected, and no authority is suggested that would tend to show that a depository could be selected in such a manner, but we think such evidence was competent to show that the bank through its officer had knowledge of the source of such deposits, and was competent against the bank as hereinafter discussed.

Section 11268, Revised Statutes 1919, provides that school districts such as the plaintiff shall select depositories for the funds of the district in the same manner as provided by law for the selec-

tion of depositories for county funds. Sections 9582 to 9587, Revised Statutes Missouri 1919, provide how the county depositories shall be selected. No depository was selected in this instance, although the bank knew, or was presumed to know, that it could not act as depository without having been selected as provided by law and without having given the bond as provided by law. The testimony of the bank president was competent to show that the bank through its officers knew the money was a trust fund belonging to the plaintiff school district, as well as show knowledge that such bank was receiving the funds in violation of the strict provision of the statutes, and was competent to show that a bond was required. Our Supreme Court has held that a bank does not become a depository merely by designation as such but must qualify by giving security. [Huntsville Trust Co. v. Noel et al., 12 S. W. (2d) 751.] The language of the court on that point is as follows:

"As heretofore stated, all county funds are required by law to be deposited in a county depository. The officers of the county charged with duties relating to the deposit of such funds for safekeeping are agents of limited powers, and as such they have no authority to deposit these public moneys with any other than a county depository. Now a bank or trust company does not become a county depository merely by being designated as such in an order of the county court; it must qualify as a depository by giving the security prescribed by section 9585. If, therefore, the trust company had not so qualified on June 27, 1927, the deposit of the county funds with it was unlawful; and it, in receiving such funds under color of being a county depository, wrongfully obtained possession of them. The county moneys so obtained thereupon became, in the hands of the trust company, a trust fund by operation of law. These funds entered into, became commingled with, and to that extent augmented, the trust company's assets as a whole. Such assets may therefore be impressed with the trust to the extent of the funds so wrongfully obtained and commingled with them. [See Harrison v. Smith, 83 Mo. 210, 215, 53 Am. Rep. 571; Midland Nat. Bank v. Brightwell, 148 Mo. 358, 365, 49 S. W. 994, 71 Am. St. Rep. 608; Page County v. Rose, 130 Iowa, 296, 106 N. W. 744, 5 L. R. A. (N. S.) 886, 8 Ann. Cas. 114; Board of Fire & Water Com'rs v. Wilkinson, 119 Mich. 655, 78 N. W. 893, 44 L. R. A. 493; Cherry v. Territory 17 Okla. 221, 89 P. 192, 8 L. R. A. (N. S.) 1254; See, also, Leach v. Exchange Bank, 200 Iowa, 185, 203 N. W. 31, 36; and State v. Foster, 5 Wyo. 199, 38 P. 926, 28 L. R. A. 226, 250, 63 Am. St. Rep. 47.]"

We think there can be no question but that this money in the hands of the plaintiff was a trust fund and that the bank through its officers knew it was a trust fund and received it as such, and our

Supreme Court in an opinion written by Davis, C., in the case of State ex rel. Gentry, Attorney-General v. Page Bank of St. Louis County et al., 14 S. W. (2d) 597, at page 599 used this language:

"Having determined that the bank became a trustee relative to the fees of the Secretary of State deposited with it, the question naturally arises as to the right and ability of the State (the *cestui que trust*) to trace and follow trust funds converted and intermingled by the bank with other moneys held in its coffers. Four classifications distinguish the rulings of the courts on the subject. The interested will find an excellent treatise on the different rules in L. R. A. 1916C, p. 21 et seq. While other jurisdictions variate the rule in a greater or less degree, Missouri follows the rule that, if a trust fund is proved to have been deposited in a mass, and wrongfully and illegally mingled therewith, even though indistinguishable, it may be recovered and taken from the estate of the insolvent, on the ground that it went into, increased and swelled the volume of the insolvent's assets, and it is chargeable against the insolvent estate to the amount of the converted fund as a preferred demand. Paul v. Draper, cited below, develops the distinction between a legal and an illegal deposit. [Harrison v. Smith, 83 Mo. 210, 52 Am. Rep. 571; Stoller v. Coates, 88 Mo. 514; Evangelical Synod v. Schoeneich, 143 Mo. 642, 45 S. W. 647; Pundmann v. Schoeneich, 144 Mo. 149, 45 S. W. 1112; Tierman's Executor v. Security B. & L. Ass'n, 152 Mo. 135, 53 S. W. 1072; Paul v. Draper, 158 Mo. 197, 59 S. W. 77, 81 Am. St. Rep. 296; Tufts v. Latshaw, 172 Mo. 359, 72 S. W. 679; Orr v. St. Louis Union Trust Co., 291 Mo. 383, 236 S. W. 642; Bank of Poplar Bluff v. Millspaugh, 313 Mo. 412, 281 S. W. 733, 47 A. L. R. 754; Federal Reserve Bank v. Millspaugh, 314 Mo. 1, 282 S. W. 706; Bartlett v. McCallister, 316 Mo. 129, 289 S. W. 814; Huntsville Trust Co. v. Noel, No. 28771 (Mo. Sup.) 12 S. W. (2d) 751, Opinion by Ragland, J., recently decided, not yet (officially) reported.] Applying the rule, in connection with our foregoing determination that Becker illegally deposited motor vehicle registration and license fees with the Page Bank to its knowledge, instead of promptly transmitting them to the state treasurer, as the statute required, whereby the assets of said bank were increased and augmented, the amount of the deposits made by Becker to the extent of $45,520.54 is payable out of the common assets of the Page Bank in the hands of the deputy finance commissioner as a preferred claim."

It follows that the judgment is reversed and the cause remanded to the circuit court of Texas county with directions that the decree of said court be modified holding that the deed of trust so far as this plaintiff is concerned, is not a lien upon the property described, but with directions to allow the claim of the plaintiff as a preference or priority in the sum of $5788.91 against the estate of the Citizens Savings Bank of Cabool. *Cox, P. J.,* and *Bailey, J.,* concur.